UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JACOB,<br><br>Petitioner,<br><br>v.<br><br>MATTESON,<br><br>Respondent. | No.  2:22-cv-2051 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  Petitioner argues the court should grant habeas relief because:  (1) the lack of sufficient evidence to support the imposition of a firearm enhancement; (2) the lack of sufficient evidence to support the special circumstance; (3) the failure to declare a mistrial; (4) the failure to consider petitioner's ability to pay before imposing restitution and fines; (5) the ineffective assistance of counsel; (6) petitioner's actual and factual innocence. (ECF No. 1 at 47-75.)

    Presently before the court is petitioner's motion for stay.  (ECF No. 2.)  Therein, petitioner seeks a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[1]  Respondent does not oppose petitioner's request for stay.  (ECF No. 8.)

---

[1] While the Ninth Circuit's decision in Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), overruled Kelly in part on other grounds, Kelly's stay and abeyance procedure remains available. King v. Ryan, 564 F.3d 1133, 1139 & n.4 (9th Cir. 2009).

I. **Background and Motion for Stay**

Petitioner requests a stay in order to exhaust claims five and six in state court. (ECF No. 2 at 3.) Petitioner alleges that claims one through four were raised in the California Court of Appeal and the California Supreme Court, were addressed on the merits, and thus have been exhausted. (ECF No. 1 at 13-14.)

Petitioner argues the court should find that grounds five and six will relate back to the fully exhausted grounds because all six grounds asserted in the petition "are all 'tied to a common core of operative facts' and relate to the Superior Court's failure to provide Petitioner with a fair trial." (ECF No. 2 at 5.) Petitioner "seeks to have Grounds Five and Six dismissed from the Petition, without prejudice, while he exhausts his remedies" in state court. (ECF No. 2-1 at 1.)

By order dated February 14, 2023, the respondent was directed to file a response to petitioner's motion for stay within thirty days. (ECF No. 5.) In the response, respondent states it does not oppose petitioner's motion for a Kelly stay to exhaust claims five and six. (ECF No. 8 at 1.) Respondent further states that it does not concede that the claims will be timely filed when petitioner moves to amend the petition. (Id. at 1-2.)

II. **Legal Standards**

Under Kelly, a district court may stay a habeas petition setting forth only exhausted claims in order to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). The "Kelly procedure," has been described by the Ninth Circuit as involving a three-step process:

  (1) Petitioner amends his petition, deleting any unexhausted claim;
  (2) The court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and
  (3) Petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner proceeding under the Kelly procedure may be able to amend the petition to include the newly exhausted claims if they are timely under the statute of

limitations governing federal habeas petitions.[2]  If the claims are not timely, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  King, 564 F.3d at 1141 (internal citations omitted).  A petitioner need not satisfy the "good cause" standard set forth in Rhines v. Weber, 544 U.S. 269 (2005), in order to obtain a Kelly stay.  King, 564 F.3d at 1136.

### III.    Analysis

At the outset, the court notes that the current federal petition is mixed in that it contains both exhausted and unexhausted claims.  (ECF No. 2-1 at 1.)  However, petitioner has stated that it seeks to have grounds five and six dismissed without prejudice and added back once they are exhausted.  (Id.)  Petitioner has not indicated whether he filed a petition in a state court that would exhaust claims five and six.

In light of petitioner's filing of a motion to stay concurrently with the petition, his request to dismiss unexhausted grounds five and six, and respondent's lack of opposition, the undersigned will recommend that the motion for stay be granted.  Zapien v. Sisto, No. 1:08-cv-01988 YNP DLB (HC), 2009 WL 2579217 at *2 (E.D. Cal. Aug. 20, 2009) (granting request for stay because petitioner "requested a stay under Kelly in a timely manner and [] correctly followed the three-step procedure"); Lugo v. Kirkland, 2006 WL 449130, at *2 (N.D. Cal. Feb. 22, 2006) ("Granting a stay is appropriate where there is no intention on the part of the petitioner to delay or harass and in order to avoid piecemeal litigation); Miles v. Sullivan, No. 2:19-cv-0377 KJM DMC P, 2022 WL 4134222, at *2 (E.D. Cal. Sept. 12, 2022) (granting stay without analysis because respondent did not oppose the motion).  In recommending that this action be stayed the court makes no

////

---

[2] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period begins to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  determination that the claims petitioner seeks to add are appropriate or timely under <u>Mayle v.
2  Felix</u>, 545 U.S. 644 (2005).
3      Additionally, should the district court adopt the findings and recommendations and
4  impose a stay, petitioner will be instructed to file status reports of his progress through the state
5  courts.  Once the California Supreme court renders its opinion, provided the opinion is a denial of
6  relief, petitioner must file an amended petition.

**IV.     Conclusion**

For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign this action to a United States District Judge.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for stay be granted.

2. These proceedings be stayed pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) pending exhaustion of state remedies.

3. Grounds five and six of the petition be stricken without prejudice.

4. Petitioner be directed to file an initial status report of his progress in the state courts no later than sixty (60) days after the date of service of this order, and then to file periodic status reports every ninety (90) days thereafter until exhaustion is complete.

5. Petitioner be directed to file an amended petition in this court including all exhausted claims within thirty (30) days after service of the final order of the California Supreme Court.

6. Respondent be directed to file any response to the petition no later than sixty days after the amended petition is filed.

7. The Clerk of the Court be directed to administratively close this case for purposes of case status pending exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed

and served within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 9, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/jaco2051.stay fr

5