UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE JACOB,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MATTESON,<br><br>　　　　Respondent. | No.  2:22-cv-2051 DJC DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  This action was administratively closed on July 21, 2023, while petitioner exhausted grounds five and six of the petition in state court.  (ECF Nos. 9, 11.)  Presently before the court is petitioner's motion to lift the stay, amend the petition, and reopen this action.  (ECF No. 16.)  For the reasons set forth below, the undersigned will recommend that the stay be lifted.

In the original petition, petitioner alleged the court should grant habeas relief because: (1) the lack of sufficient evidence to support the imposition of a firearm enhancement; (2) the lack of sufficient evidence to support the special circumstance; (3) the failure to declare a mistrial; (4) the failure to consider petitioner's ability to pay before imposing restitution and fines; (5) the ineffective assistance of counsel; (6) petitioner's actual and factual innocence. (ECF No. 1 at 47-75.) In a motion for stay filed concurrently with the original petition, petitioner requested a stay to exhaust grounds five and six of the petition.  (ECF No. 2.)

By order dated July 21, 2023, the District Court adopted the findings and recommendations and granted petitioner's request for stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) pending exhaustion of state court remedies.  (ECF No. 11.)  The District Court further ordered petitioner to file an amended petition within thirty days after entry of the final order of the California Supreme Court.  (Id.)  Petitioner filed an amended petition on November 28, 2023.  (ECF No. 13.)  Thereafter, the undersigned directed petitioner to submit a motion to lift the stay or amend the petition within thirty days.  (ECF No. 14.)

In the motion to lift the stay, petitioner states that grounds five and six have been fully exhausted in state court.  (ECF No. 16.)  Petitioner further states that grounds five and six are timely filed under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and do not need to relate back to his previously exhausted claims.  (Id. at 4.)  Respondent has not opposed the motion for stay, states grounds five and six of the petition are timely under AEDPA, and responded to the merits of grounds five and six in the petition.  (ECF No. 15; ECF No. 18 at 2, 12-14.)  Upon consideration of the arguments set forth in petitioner's motion and respondent's lack of opposition, the undersigned will recommend that the stay be lifted.

For the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's motion to stay, amend, and reopen the case be granted (ECF No. 16) and the Clerk of Court be directed to reopen this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed and served within seven (7) days after service of the objections.  The parties are

////
////
////
////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 11, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/R/jaco2051.stay lift